UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:13-CR-65 (4)** |
| | § | |
| | § | |
| **ROLANDO GARZA** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11.  Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On May 29, 2014, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Rolando Garza, to Count One of the Information.  Count One alleges that from on or about October 2010, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about November 23, 2011, in the Eastern District of Texas and elsewhere, Rolando Garza, defendant, did intentionally and knowingly conspire, combine, confederate and agree together with others known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more but less than 5 kilograms of a Schedule II controlled substance, namely, cocaine, in violation of 21 United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

The Defendant entered a plea of guilty to Count One of the Information into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a.      That the Defendant, after consultation with his attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas, subject to a final approval and imposition of sentence by the District Court.

b.      That the Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. The Defendant verified that he understood the terms of the plea agreement, agreed with the Government's summary of the plea agreement, and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the court advised the Defendant that he has no right to withdraw the plea if the court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advised the Defendant that he will have the opportunity to withdraw his plea of guilty should the court not follow those particular terms of the plea agreement.[1]

---

[1]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

c.      That the Defendant is fully competent and capable of entering an informed plea, that

the Defendant is aware of the nature of the charges and the consequences of the plea, and that the

plea of guilty is made freely, knowingly, and voluntarily.  Upon addressing the Defendant personally

in open court, the undersigned determines that the Defendant's plea is knowing and voluntary and

did not result from force, threats or promises (other than the promises set forth in the plea

agreement).  See FED. R. CRIM. P. 11(b)(2).

d.      That the Defendant's knowing and voluntary plea is supported by an independent

factual basis establishing each of the essential elements of the offense and the Defendant realizes that

his conduct falls within the definition of the crimes charged under Title 21, United States Code,

Sections 841(a)(1) and 846.

## STATEMENT OF REASONS

As factual support for the Defendant's guilty plea, the Government presented a factual basis.

See Factual Basis and Stipulation.  In support, the Government would prove that Garza is the same

person charged in the Information and that the events described in the Information occurred in the

Eastern District of Texas and elsewhere.  The Government would also have proven, beyond a

reasonable doubt, each and every essential element of the offense as alleged in Count One of the

Information through the testimony of witnesses, including expert witnesses, and admissible exhibits.

In support of the Defendant's plea, the undersigned incorporates the proffer of evidence described

in detail in the factual basis and stipulation filed in support of the plea agreement, and the

Defendant's admissions made in open court in response to the undersigned's further inquiry into the

factual basis and stipulation.

The Defendant agreed with and stipulated to the evidence presented in the factual basis.

Counsel for the Defendant and the Government attested to the Defendant's competency and

capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering the guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Information.  Accordingly, it is further recommended that the District Court finally adjudge the Defendant, Rolando Garza, guilty of the charged offenses under Title 21, United States Code, Section 846.

The court should defer its decision to accept or reject the plea agreement until there has been an opportunity to review the presentence report.  If the plea agreement is rejected and the Defendant still persists in his guilty plea, the disposition of the case may be less favorable to the Defendant than that contemplated by the plea agreement.  The Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  The Defendant has the right to allocute before the court before imposition of sentence.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  See 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations

-5-

to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of May, 2014.

_____
Zack Hawthorn
United States Magistrate Judge